STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. AP-03-17



WENDI and MARK OUELLETTE)
          Petitioners,  )
                  )
                  )
         v.           )      **DECISION AND JUDGMENT**
                  )
                  )
HOUSING AUTHORITY OF   )
THE CITY OF OLD TOWN,     )
          Respondent. )

## FACTS

APR 16 2004

The material facts in this Rule 80B appeal are undisputed. Petitioners obtained an emergency "Section 8" voucher for housing from Penquis Community Action Program. They located a apartment in Old Town and applied to the Old Town Housing Authority to transfer their voucher to its program. During the application process, Mark Ouellette disclosed that he had been convicted of a sex offense which occurred in 1988.[1]

The Old Town Housing Authority denied the Petitioners' application citing the fact of Ouellette's criminal record. The housing authority's policy is to deny all applicants who have committed a violent crime regardless of when that act may have occurred.

At an informal hearing, the housing authority's representatives allowed that they might reconsider the denial if the Ouellettes provided three documents: a copy of the police report regarding the incident, a letter from the probation officer, and the court disposition paperwork. The Ouellettes provided all of the forgoing documents except the police report which was unavailable. Shortly thereafter, citing the missing police report, the housing authority confirmed the earlier denial of access to the Old Town Section 8 housing assistance program. The Petitioners seasonably appealed.

## DISCUSSION

The parties agree that "Section 8" is a federally subsidized housing program which is supervised by the United States Department of Housing and Urban Development which promulgates rules for the program which are codified in the Code of Federal Regulations.

---

[1] - The conviction for aggravated felonious sexual assault was entered in New Hampshire on June 15, 1990.

The denial of an applicant's request for Section 8 assistance must comply with the CFR provisions relating to such applications. Certain mandatory provisions, which are inapplicable here, constitute an absolute bar to an individual's participation. In the present instance, the CFR allows the housing authority discretion to deny an applicant if it finds that the participant (or a member of the household) is currently engaged in, or had engaged in during a reasonable period of time before the admission "...violent related criminal activity...[or]...other criminal activity which may threaten the health, safety, or the right to peaceful enjoyment of the premises by other residents of persons residing in the immediate vicinity...".

As noted above, the Respondent has promulgated a policy which excludes any person who has a criminal record (for violent criminal activity) at any time in their past. The Respondent freely admits that it never considered whether the fifteen years which expired between Ouellette's acts and the time of application constituted "... a reasonable period of time...". Respondent asserts that Section 8 admission is simply a discretionary call by the housing authority and that the authority is free to establish standards which may be more stringent than those promulgated by HUD. Respondent states in its Brief:

> The Housing Authority's policy is that any violent criminal activity at any time in an applicant's past is sufficiently and reasonable (sic) proximate to the date of the application to justify denial. Respondent's Brief, p. 5.

Respondent asserts that this result is consistent with the unambiguous terms of the HUD regulations.

The court disagrees.

The HUD regulations do not place an unreasonable burden upon the housing authority by requiring that it undertake an inquiry into the reasonableness of the time which has passed since the date of the acts. Such inquiry would presumably include looking into the circumstances of the conviction, what has transpired since the conviction, and the amount of time which has passed since the conviction. There is no bright-line standard for a reasonable amount of time. By accepting a zero-tolerance policy regarding convicted individuals, the Respondents divert from the clear intent of the policy reflected in the HUD regulations. The regulations unambiguously mandate a consideration of whether a reasonable time had passed since the conviction (thus presumably rendering the applicant non-dangerous to other residents). In the absence of such a consideration and finding, the Respondent has circumvented this necessary analysis.

Accordingly, the Petitioner's appeal is granted. The denial of their application is vacated and the matter remanded to the Old Town Housing Authority for further proceedings consistent with this Decision and Judgment.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 11, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

Date Filed 6/06/03        PENOBSCOT        Docket No. AP-2003-17

County

Action    80B APPEAL

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

WENDI OUELLETTE and
MARK OUELLETTE               VS.    HOUSING AUTHORITY OF THE CITY OF OLD TO

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PINE TREE LEGAL ASSISTANCE, INC.<br>61 MAIN STREET<br>BANGOR, ME. 04401<br>BY: AMY E. KECK, ESQ. | EATON PEABODY<br>FLEET CENTER, 80 EXCHANGE ST.<br>P O BOX 1210<br>BANGOR, ME. 04402 1210<br>BY: PETER D. KLEIN, ESQ. |

| Date of Entry | |
|---|---|
| 6/6/03 | Petition for Review of Administrative Action (Rule 80B of the Maine Rules of Civil Procedure) filed by Petitioners. |
| 6/6/03 | Application of Plaintiff to Proceed without Payment of Fees M.R.Civ.P. 91 filed by Petitioner Wendi Ouellette together with Indigency Affidavit. |
| 6/6/03 | Application of Plaintiff to Proceed Without Payment of Fees M.R.Civ.P. 91 filed by Petitioner Mark Ouellette together with Indigency Affidavit. |
| 6/10/03 | File presented to Justice Hjelm for review. |
| 6/12/03 | File returned by Justice Hjelm. Order issued. |
| 6/12/03 | Order on Application of Plaintiff Mark Ouellette to Proceed without Payment of Fees filed. It is ORDERED that: the filing fee is waived. The service costs shall be paid as an expense of administration if the applicar first attempts service by mail with acknowledgement. Serivce by publicatic will not be approved except on specific motion. This order is incorporated into the docket by reference at the specific direction of the Court. (Hjelm, J.) Copy forwarded to attorney for the Plaintiff. (Order signed 6/10/03) |
| 6/12/03 | Order on Application of Plaintiff Wendi Ouellette to Proceed without Payment of Fees filed. It is ORDERED that: the filing fee is waived. The service costs shall be paid as an expense of administration if the applicant first attempts service by mail with acknowledgement. Service by publication will not be approved except on specific motion. This order is incorporated into the docket by reference at the specific directio of the court. (Hjelm, J.) Copy forwarded to attorney for the Plaintiff. (Order signed 6/11/03) |
| 6/12/03 | Acceptance of Service as to Appellee Housing Authority of the City of Old Town filed by Appellant. (s.d. 6/9/03 by Peter D. Klein, Esq.) |